Compiler of Law)

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

ANDE SIPENUK,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0373-07

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 18th day of February, 2009, for hearing on the Defendant's Motion to Dismiss. Assistant Attorney General Basil J. O'Mallan, III, represented the People, and Attorney Anthony Toves represented the Defendant. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

On August 16, 2007, a case against the Defendant was presented to the Grand Jury, who indicted the Defendant on one count of Terrorizing, two counts of First Degree Criminal Sexual Conduct, and one count of Second Degree Criminal Sexual Conduct. At the Grand Jury proceeding, Guam Police Officer Verango was the sole witness. On December 23, 2008, Defendant filed this Motion to Dismiss Grand Jury Indictment for Grand Jury Irregularities. Specifically, the Defendant objects to the following Grand Jury testimony, arguing that it is inadmissible under the Guam Rules of Evidence:

(A) that the complaining witness had been a virgin prior to engaging in sexual relations with the Defendant;

(B) Officer Verango improperly vouched for the credibility of the complaining witness

by describing her demeanor during the interview;

(C) Defendant had allegedly previously watched the complaining witness while she showered;

(D) Defendant allegedly masturbated while viewing complaining witness showering;

(E) Defendant allegedly drank alcohol while driving with the complaining witness on the day of the alleged assault;

(F) Defendant allegedly drove, with complaining witness in the vehicle, to a secluded section of jungle to look for marijuana that he allegedly planted; and

(G) evidence that complaining witness had bruises on her arm when she reported the alleged assault but no link between the Defendant and any bruises was presented.

## DISCUSSION

Dismissing an indictment is considered a drastic step and generally disfavored as a remedy. People v. Tuncap, 1998 Guam 13; accord U.S. v. Rodgers, 751 F.2d 1074, 1076-77 (9th Cir. 1985); People v. Muna, 999 F.2d 397 (9th Cir. 1993). Defendant incorrectly states that the standard requires that "this Court simply evaluate the information presented and ask itself: could the decision to indict have been influenced by the improper testimony presented." Def.'s Reply to the People's Opp'n to Def.'s Mot. to Dismiss, filed Jan. 5, 2009, at p.6. The People argue that the indictment should not be dismissed if this Court finds there was sufficient evidence presented to grand jurors. People's Opp'n to Def.'s Mot. to Dismiss Indictment, filed Dec. 31, 2009, at p.3. the Government further argues that even if the provision of unnecessary information to the grand jury constitutes an error in the proceedings, the error was harmless because it did not confuse the grand jury, and the Defendant has failed to show that he was prejudiced by the error.

Guam has adopted a statutory standard as to when an indictment must be dismissed for errors in the grand jury proceedings. Title 8 GCA § 50.42 provides in relevant part;

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

Under this standard, as argued by the Government, an indictment is proper so long as it is supported by sufficient competent evidence to show probable cause that the Defendant committed the crimes charged.

The Court first addresses the Defendant's contentions (C), (D),(E), (F), and (G), as listed by the Court, claiming that statements that the Defendant had allegedly previously watched the complaining witness while she showered; Defendant allegedly masturbated while viewing complaining witness showering; Defendant allegedly drank alcohol while driving with the complaining witness on the day of the alleged assault; Defendant allegedly drove, with complaining witness in the vehicle, to a secluded section of jungle to look for marijuana that he allegedly planted; and evidence that complaining witness had bruises on her arm when she reported the alleged assault but no link between the Defendant and any bruises was presented are all inadmissible under the Guam Rules of Evidence and therefore, should not have been provided to the grand jury.

Despite the Defendant's claims that all of this evidence is inadmissible under the Guam Rules of Evidence, the Court finds that statements (C), (D), (E), and (F) would all be admissible at trial as admissions by a party opponent under GRE Rule 801(d)(2)(A). These statements are all statements alleged to have been made by the Defendant directly to the victim and to an

interviewing police officer. Grand Jury Tr., August 16, 2007, p.9, lines 11–16, p. p. 18, lines 11–19. The Court further finds, despite Defendant's contention to the contrary, that Statement (G) concerning bruises on the victim's arms was linked to the actions of the Defendant during the Grand Jury Proceedings when testimony was presented that the Defendant grabbed her by the arm and the victim struggled with the Defendant to free herself from his hold. Id. at p. 9, lines 23–27.

Next, the Court finds that statement (B) concerning Officer Verango's description of the demeanor of the victim during an interview did not constitute improper vouching as claimed by the Defendant. In considering allegations of improper vouching, the Court applies four factors: "(1) the form of the vouching; (2) the extent of the personal opinion asserted; (3) the extent to which a prosecutor's statements exhibited extra record knowledge supporting a witness' veracity; and (4) the testimony's import viewed in the context of the case as a whole." People v. Evaristo, 1999 Guam 22, ¶32 (quoting People v. Ueki, 1999 Guam 4, ¶24). In this case, the form of the vouching is alleged to be Officer Verango's physical description of the victim and her demeanor during the interview. As in the Evaristo case, Officer Verango, as the agent of the government, did not express a personal opinion as to the credibility of the victim, and did not intimate that he had extra knowledge of the truthfulness or untruthfulness of her statements. Id at ¶¶32–33. No personal belief of the truthfulness of the victim was presented to the Grand Jury, therefore, the Court finds that statement (B) did not constitute improper vouching.

As such, statements (B) through (G) are all admissible under the Guam Rules of Evidence, and the Defendant's arguments that the indictment in this case is fatally flawed by inadmissible evidence are incorrect. Because all of these statements constitute admissible evidence, upon a review of the grand jury transcripts, the Court finds that the indictment returned against the

Defendant was based upon sufficient competent evidence presented to the grand jury.

The single remaining statement that does not appear to comport with the Guam Rules of Evidence, is statement (A), concerning evidence of the victim's virginity. However, the Court does not find that the presentation of this evidence to the grand jury renders the indictment void.

While Defendant presents the argument that providing the grand jury with evidence that does not conform to the rules of evidence requires dismissal of an indictment, this argument stands in stark contrast to the plain language of 8 GCA § 50.42, which clearly states that the fact that incompetent evidence was received will not void an indictment so long as it is supported by sufficient competent evidence, and the Defendant fails to support his assertions with authority or citations to the contrary.

As noted by the Government, the case law referenced by Defendant does not stand for the proposition that providing a grand jury with incompetent or inadmissible evidence mandates dismissal of an indictment. Rather, the cases cited by the Defendant uniformly stand for the proposition that the prosecution cannot present evidence in violation of the rules of evidence *at trial*. Fletcher v. People, 179 P.3d 969 (Sup.Ct.Colo.2007); State v. Harris, 521 N.W.2d 348 (Sup.Ct.Minn.1994); and State v. Gavigan, 330 N.W.2d 571 (Sup.Ct.Wis.1983).

The Supreme Court of the United States has long established that grand jury proceedings are not subject to restrictions such as the rules of evidence or other procedural limitations that govern jury trials. In outlining the grand jury's freedom from such constraints, the nation's highest court explained:

> Traditionally the grand jury has been accorded wide latitude to inquire into violations of criminal law. No judge presides to monitor its proceedings. It deliberates in secret and may determine alone the course of its inquiry. The grand

jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and *its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials.* 'It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime.'

United States v. Calandra, 414 U.S. 338, 343 (1974) (quoting Blair v. United States, 250 U.S. 273, 282 (1919)(emphasis added).

In finding that a grand jury may consider incompetent evidence, so long as the evidence doesn't violate a constitutional right or privilege, the United States Supreme Court further stated:

> The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. *Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence,* or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination.

Id. at 345–346 (citing Costello v. United States, 350 U.S. 359, 362 (1956); Holt v. United States, 218 U.S. 245 (1910); and Lawn v. United States, 355 U.S. 339 (1958))(emphasis added).

"Incompetent" evidence, as termed in the statute, is not specifically defined by Title 8 GCA §50.42. However, considering the guidance provided by the Supreme Court of the United States, the statute itself, note cases interpreting the statute, and its comments, it seems clear that the statute's lack of specificity was designed to include many types of information received by the grand jury which would be inadmissible at trial, such as hearsay evidence, circumstantial evidence, and foundationally flawed exhibits. *See* Title 8 GCA §50.42, Court Decisions and Note.

Accordingly, at most, statement (A) was merely a piece of incompetent evidence, which,

although possibly inadmissible at trial, cannot operate to void the indictment under 8 GCA §50.42 or the precedent set forth by the Supreme Court of the United States.

As a further finding, the Court notes that even if the Court had found that all of the evidence to which the Defendant objects was inadmissible pursuant to the Guam Rules of evidence, this Court can find no reason why the all of the statements (A) through (G), as presented, would not qualify as incompetent evidence presented to the grand jury, and as such, could not void the indictment under Guam law, because sufficient competent law and evidence supported the indictment in this case. The Defendant fails to cite a single case dismissing an indictment because information which violated rules of evidence was presented to a grand jury. No case law or authority supports the arguments made in the Defendant's Motion to Dismiss. Accordingly, the Court finds there was no error in providing more information than is minimally necessary to the grand jury, and the indictment was properly presented and found.

## CONCLUSION

After hearing arguments on the motion and considering all of the filings and evidence presented, the Court finds that all of the statements that the Defendant finds objectionable, excepting evidence of the victim's prior sexual history would be admissible at trial. Accordingly, there is no basis upon which to dismiss the indictment for the presentation of this information to the grand jury. More importantly, the Court finds that an indictment cannot be dismissed on the basis that evidence that does not comport with the Guam Rules of Evidence was presented to the grand jury, so long as an indictment is supported by sufficient competent evidence. In this case, the indictment was supported by sufficient competent evidence. Based upon the foregoing, the

Motion to Dismiss the Indictment is DENIED.

**SO ORDERED**, this ___MAY 2 8 2009___ .


HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAY 2 8 2009

Valerie C. Senorio
Deputy Clerk, Superior Court of Guam